UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TEJUOSHO OLUSINA ADEWALE,**<br><br>Plaintiff,<br><br>v.<br><br>**OLUBUNMI ADEOLA AKINTOYE, OLURANTI D. AKINTOYE, BUMAK AFRICAN STORES, GEORGE K. WILLIAMS and DAMILOLA AKINTOYE,**<br><br>Defendants. | Civil Action # 1:21-cv-09485-JPC-BCM<br><br>**LETTER REQUEST FOR SUBSTITUTED SERVICE AND BRIEF EXTENTION OF TIME TO SERVE** |

Your Honor,

Counsel for Plaintiff requests by Letter Motion Substituted Service, a brief Extension of Time to serve Defendants with a copy of the Court's Order dated April 1, 2022 (ECF 28), and a one (1) day extension of time to re-file the Motion for Default Judgment on June 3, 2022. The original deadline was set for June 2, 2022 (ECF 30). The reason for the request is because service cannot be accomplished at the last known physical address of the Defendants, because any mail sent is returned as undeliverable or attempts at personal service are unsuccessful. There have been no prior requests for an adjournment. Since there were no prior adjournment requests, no prior adjournment requests have been granted or denied. Opposing counsel has not filed a notice of appearance in this action, and thus, Defendants have both failed to appear and are currently unrepresented.

There exists a related matter to this action, Bamisile-Richards v. Akintoye, 1:21-cv-5264-PAE (S.D.N.Y. 2021). Counsel has been working off of a single folder titled "Akintoye" for both civil actions. Consequently, the Memorandum of Law previously filed as Attachment #2 under (ECF 29) was captioned and related to Bamisile-Richards v. Akintoye, 1:21-cv-5264-PAE (S.D.N.Y. 2021) and not this action. This can be corrected within one (1) day, and counsel respectfully requests your Honor's permission to re-file the Motion for Default Judgment with the correct Memorandum of Law by June 3, 2022. Further, attempted service was returned back as undeliverable. Plaintiff seeks leave for authorization of alternate methods of service of the Court's April 1, 2022 Order or clarification that service shall be deemed effective and complete even if a mail courier is unable to obtain a signature from anyone living or present at Defendants' physical address.

I.   **Defendants Have Knowledge of the Action and Have Defaulted**

On October 21, 2021, Vincent Bianco, Esq. filed a Notice of Appearance for Defendants in the Bamisile-Richards v. Akintoye, 1:21-cv-5264-PAE (S.D.N.Y. 2021) action. By joint letter to the Court in the Bamisile-Richards v. Akintoye, 1:21-cv-5264-PAE (S.D.N.Y. 2021) action, Vincent

Bianco, Esq. was put on notice of this instant action. Attached and annexed herein as **Exhibit D** to this Letter Request is a true and accurate copy of said Joint Letter to the Court.

Attached and annexed herein as **Exhibit A, Exhibit B, and Exhibit C** to this Letter Request are true and accurate copies of affidavits of due diligence from a third-party process server attempting to accomplish service at the address previously used by all Defendants, and where original service of process was successfully accomplished.

Attached and annexed herein as **Exhibit E** to this Letter Request are true and accurate copies of the certified mailings to Defendants returned as undeliverable.

Attached and annexed herein as **Exhibit F** to this Letter Request is a true and accurate copy of an Order granting the Plaintiff's request for authorization of substituted service upon Defendants in the Bamisile-Richards v. Akintoye, 1:21-cv-5264-PAE (S.D.N.Y. 2021) action.

Defendants clearly have knowledge of this action. Plaintiffs are seeking to discharge is obligations towards Defendants with respect to serving Defendants a copy of the April 1, 2022 Order (ECF 28). Defendants, however, are clearly seeking to intentionally avoid service, and the Plaintiff does not know of any other physical locations other than those listed below in which service may be accomplished.

Therefore, Plaintiffs request both a reasonable extension of time provided to "serve" Defendants with a copy of the April 1, 2022 Order (ECF 28) to attempt the 455 Jackson Avenue Bronx, NY 10455 address (and any method of substitute service approved by the Court) by June 3, 2022. Further, the Plaintiffs request approval of mailing a copy of the April 1, 2022 Order (ECF 28) via certified mail to the last known addresses for Defendants, 455 Jackson Avenue Bronx, NY 10455 and 14544 Macbeth Drive Silver Spring, MD 20906 by June 3, 2022. In addition to the alternative method requested, the Plaintiffs also request approval of the simultaneous publication of the April 1, 2022 Order (ECF 28) on PACER ECF/CM by June 3, 2022, which is a forum available to the public, considering that Defendants are already aware of this action.

## II.     Applicable Legal Standard

Federal Rule of Civil Procedure 4(e) provides, inter alia, that an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located. FRCP 4(e)(1). New York state law applies here, and permits service to be effectuated, "in such manner as the court, upon motion without notice, directs, if service is impracticable" under the other specified methods of service. CPLR § 308(5).

"Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." Shamoun v. Mushlin, No. 12 Civ. 3541 (AJN), 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013).

III.     **Alternative Means of Service Satisfies Due Process**

"Constitutional notions of due process require that any means of service be reasonably calculated, under all circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections." SEC v. Antisevic, No. 05 Civ. 6991 (KMW), 2009 WL 361739, at *4 (S.D.N.Y. Feb 13, 2009) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  In general, courts have authorized alternative service via certified mail to a last known address.  See, e.g., Ferrarese v. Shaw, 164 F.Supp.3d 361, 366 (S.D.N.Y 2016).  Lastly, service by alternative means is all the more reasonable where a defendant demonstrably already has knowledge of the lawsuit. See SEC v. Tome, 833 F.2d 1086, 1093 (2d Cir. 1987).

Respectfully,

**BRACH EICHLER LLC**

BY:   /s/ Angelo Langadakis III
ANGELO LANGADAKIS III, ESQ.
101 Eisenhower Parkway
Roseland, NJ 07068
**Attorneys for Plaintiff**

Dated:  June 2, 2022

TO:   OLUBUNMI ADEOLA AKINTOYE
455 Jackson Avenue
Bronx, NY 10455

BUMAK AFRICAN STORES
455 Jackson Avenue
Bronx, NY 10455

OLURANTI D. AKINTOYE
14544 Macbeth Drive
Silver Spring, MD 20906

DAMILOLA AKINTOYE
14544 Macbeth Drive
Silver Spring, MD 20906

---

*Judge's endorsement (in blue):*

Plaintiff's request to re-file the memorandum of law in support of his motion for default judgment is granted.  Plaintiff shall file the correct memorandum of law and accompanying documents in support of his motion for default judgment by June 3, 2022.

As to Plaintiff's request for alternative service of the Court's April 1, 2022 Order, Dkt. 28, and his default judgment papers on Defendants, the Court requires additional information from Plaintiff before it may approve Plaintiff's request for alternative service.  Accordingly, it is hereby ORDERED that, by June 8, 2022, Plaintiff shall file a letter advising the Court as to the following:

(1) How Plaintiff initially identified the 455 Jackson Avenue address for Defendants Olubunmi Adeola Akintoye and Bumak African Stores, and the 14544 Macbeth Drive address for Defendant Oluranti Damilola Akintoye; and

(2) Whether Plaintiff has any basis to believe that Defendants continue to reside at or conduct business from the above listed addresses.

In the June 8, 2022 letter, Plaintiff also shall advise the Court as to whether Defendants Olubunmi Adeola Akintoye and Bumak African Stores were properly served with the summons and Complaint in this action pursuant to Federal Rule of Civil Procedure 4.  Specifically, the Court directs Plaintiff to paragraphs 4 and 5 of the Complaint, which allege that Defendant Olubunmi Adeola Akintoye resides at or conducts business from 455 Jackson Avenue and that Bumak African Stores conducts business from 455 Jackson Avenue, Dkt. 7 ¶¶ 4-5, but these Defendants appear to have been served with the summons and Complaint at the 14544 Macbeth Drive address, see Dkts. 17, 19.

The hearing on Plaintiff's motion for default judgment currently scheduled for June 17, 2022, at 1:00 p.m., is adjourned to August 4, 2022, at 11:00 a.m.

3

BE:11925713.1/CHA379-279055

Date:  June 3, 2022
New York, New York

*/s/ John P. Cronan*
JOHN P. CRONAN
United States District Judge